UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                     MEMORANDUM & ORDER

v.                                  03-CR-1382 (NGG)

ANTHONY URSO, et al.,

         Defendants.
----------------------------------------------------------X

GARAUFIS, United States District Judge.

      This Memorandum and Order responds to Basile's motion for reconsideration of a Memorandum and Order, dated March 16, 2006 ("March 16 M&O") which, *inter alia*, denied Basile's motion to dismiss the loansharking Racketeering Act 49 ("RA 49"). Knowledge of the facts underlying this motion is assumed.

      In Basile's prior motion, Basile alleged that while attempting to re-indict Basile for the loansharking substantive counts, the prosecution inadvertently presented exculpatory evidence to the second grand jury and then discontinued the second grand jury, and urged that the prosecution violated Defendant's constitutional rights when it failed to have the second grand jury reconsider RA 49 in light of this new evidence. I granted *in camera* review of the grand jury minutes pertaining to RA 49, and in the March 16 M&O I held that Defendant's rights were not violated because the prosecution did not mischaracterize the evidence or otherwise commit prosecutorial misconduct before the first grand jury, and that, lacking evidence of prosecutorial misconduct before the indicting grand jury, this court lacked the power to dismiss RA 49. (March 16 M&O, at 16-17 (citing <u>United States v. Williams</u>, 504 U.S. 36, 46-47 (1992)).)

1

Basile now moves for reconsideration, arguing that the prosecution's failure to have the second grand jury consider the loansharking predicate act in the first indictment in light of the direct witness's testimony constitutes prosecutorial misconduct and is violative of Defendant's Fifth Amendment right to indictment by a grand jury. (Basile's Mem. Supp. Mot. Reconsideration, at 7.)

While there is no specific rule governing criminal motions to reconsider, see, e.g., United States v. James, No. 02-CR-778, 2005 U.S. Dist. LEXIS 40695, at *3-*4 (E.D.N.Y. Dec. 6, 2005), "a court conducting a criminal case is permitted to draw from and mirror a practice that is sanctioned by the Federal Rules of Civil Procedure." United States v. Gigante, 971 F. Supp. 755, 758 (E.D.N.Y. 1997). Fed. R. Civ. P. 59(e) and Local Rule 6.3 permit a civil motion for reconsideration, and I shall permit one here; however, the Second Circuit instructs that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995).

As I found in my March 16, 2006 M&O, the Defendant's argument is squarely foreclosed by the Williams Court, which held that district courts lack the power to dismiss an allegation in an indictment based on post-indictment exculpatory evidence lacking evidence of prosecutorial misconduct. (March 16 M&O, at 16-17 (citing United States v. Williams, 504 U.S. 36, 46-47 (1992)).) As Basile does not make any new factual allegations or refer this court to any controlling decisions that I have not already considered in the March 16 M&O, Basile's motion for reconsideration is DENIED.

SO ORDERED.

Dated: April __, 2006  　　　　　　　　　　_____/s/_____  
　　　　Brooklyn, N.Y.  　　　　　　　　　　Nicholas G. Garaufis  
　　　　　　　　　　　　　　　　　　　　　　United States District Judge