UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
UNITED STATES OF AMERICA,

                              MEMORANDUM & ORDER

      v.                             03-CR-1382 (NGG)

BALDASSARE AMATO, et al.,

         Defendants.
-----------------------------------------------------------X

GARAUFIS, United States District Judge.

This Memorandum and Order ("M&O") shall address the motion *in limine* by defendant Anthony Basile ("Defendant" or "Basile") to preclude hearsay statements by cooperating witness Frank Lino that allege Basile's involvement in loansharking activities. Specifically, the Government will seek to admit testimony by Frank Lino, a cooperating witness, that while he and Robert Lino were incarcerated together, Robert Lino said that he and Basile engaged in loansharking, and that they both lent money to the same customer. (Basile's Mem. Supp. Mot. Exclude, at 1-2.) Basile asserts that this testimony lies outside Fed. R. Evid. 801(d)(2) regarding coconspirator statements, that it contains impermissible multiple hearsay, and that its admission would violate Basile's Confrontation Clause rights. (Id. at 2-3.) For the reasons set forth below, Basile's motion is DENIED. Knowledge of the factual background of this motion is presumed.

I.     DISCUSSION

A.     **Standard of Review**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of

1

trials." Luce v. United States, 469 U.S. 38, 41 n.4 (1984). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. Wechsler v. Hunt Health Sys., Ltd., 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003). A district court's ruling on a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the . . . proffer." Luce, 469 U.S. at 41.

1. *Coconspirator Statement*

"[A] statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is not hearsay. Fed. R. Evid. 801(d)(2)(E). The Second Circuit instructs that a party seeking the admission of a statement under Rule 801(d)(2)(E) must show by:

> a preponderance of evidence independent of the proffered statements demonstrating that there was a conspiracy, that the declarant and the person against whom the statement is offered belonged to the conspiracy, and that the statements were made during the course of and in furtherance of the conspiracy.

United States v. Stewart, 433 F.3d 273, 291 (2d Cir. 2006) (citing United States v. Alameh, 341 F.3d 167, 176-77 (2d Cir. 2003)); Fed. R. Evid. 104(a), 801(d)(2). While the trial judge can consider the proffered statement itself in determining its admissibility, Bourjaily v. United States, 483 U.S. 171, 181 (1989), the statement alone is "not alone sufficient to establish the existence of the conspiracy and the participation therein of the declarant, and the party against whom the statement is offered . . . ." Fed. R. Evid. 801(d)(2). To be considered "in furtherance" of the conspiracy, the statement must "promote[] or [be] . . . intended to promote[] the goals of the conspiracy." United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1199 (2d Cir. 1989).

2. *Hearsay Within Hearsay*

"Each hearsay statement within multiple hearsay statements must have a hearsay

exception in order to be admissible." United States v. Cruz, 894 F.2d 41, 44 (2d Cir. 1990) (citing Fed. R. Evid. 805). A party seeking admission of coconspirator statements that contain multiple hearsay must show the Rule 801(d)(2)(E) elements for each layer of hearsay. Pittman by Pittman v. Grayson, 149 F.3d 111, 124 (2d Cir. 1998); United States v. Cruz, 910 F.2d 1072, 1082 (3d Cir. 1990), cert. denied, 111 S. Ct. 709 (1991).

3.  *Confrontation Clause*

In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court held that certain 'testimonial' statements admitted against a defendant without that defendant's ability to cross-examine the declarant would constitute a violation of the Confrontation Clause. One category of inadmissible testimonial statements are those "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." Id. at 52. However, "statements in furtherance of a conspiracy [are] generally not testimonial and [are] exceptions to the hearsay rule [and] encounter[] no Confrontation Clause obstacle." Stewart, 433 F.3d at 292.

**B.    Analysis**

I first consider whether the Government has shown by a preponderance of the evidence (1) a conspiracy, (2) the declarant and defendant belonged to the conspiracy, and that the statement was made (3) in the course of and (4) in furtherance of the conspiracy. Fed. R. Evid. 104(a), 801(d)(2); Bourjaily v. United States, 483 U.S. 171, 181 (1989).

In a Memorandum and Order issued by this court on June 8, 2006 ("June 8 M&O"), I found that "the Government has shown by a preponderance of the evidence the existence of the Bonanno organized crime family as an enterprise, that [Robert] Lino and Basile were

coconspirators in the enterprise," and that testimony by a cooperating witness that Robert Lino told him that Lino "proposed" Basile for membership in the Bonanno organized crime family was made in the course of and in furtherance of the conspiracy. United States v. Amato, 03-Cr.-1382, slip op., at 4-5 (E.D.N.Y. June 8, 2006). I adhere to this ruling, which controls the instant motion with respect to the first two elements of Rule 801(d)(2)(E).

As stated in the June 8 M&O, the Government has shown by a preponderance of the evidence the existence of the Bonanno organized crime family ("OCF") conspiracy. Basile's argument that the appropriate "conspiracy" for the purposes of this analysis is the specific alleged loansharking conspiracy is unavailing. (See Mem. Supp. Mot. Exclude, at 5-9.) The Government has shown by a preponderance of the evidence that Basile was a member of the Bonanno crime family, which is the "conspiracy" at issue in the instant motion. While the trial court must find "the existence of a specific criminal conspiracy beyond the general existence of the Mafia," United States v. Gigante, 166 F.3d 75, 82 (2d Cir. 1999), that requirement is met where the Government establishes a "unity of interests stemming from a specific shared criminal task . . . ." Id. at 83. In the instant motion, the Government alleges that Frank Lino, Basile's captain, spoke with Robert Lino, a member of the same enterprise, about loansharking loans that Robert Lino and Basile made to the same victim, also an associate of the same enterprise. There are numerous avenues by which the Government might show the requisite "unity of interests": Robert Lino may have raised the issue with Frank Lino to mediate the potential dispute between him and Basile, or Robert Lino might have brought up the issue simply to apprise him of the activities of Basile, as an associate under his authority. As various theories might support the admissibility of the testimony as a coconspirator statement, preclusion of this testimony is not

4

warranted.

As to the second element of the declarant and defendant's status as coconspirators, evidence in the record establishes by a preponderance of the evidence that Robert Lino was a member of the Bonanno OCF, Frank Lino was a captain in the Bonanno OCF, and Basile was an associate of the OCF who reported to Frank Lino.

Regarding the last two elements, that the statement was in the course of and in the furtherance of the conspiracy, the Government has shown by a preponderance of the evidence the existence of an ongoing conspiracy, and the statement was therefore "in the course of" the conspiracy. To the extent that Basile's involvement in the conspiracy is at issue, the proffered statement was made well before Basile's alleged involvement in the Bonanno OCF ended. Furthermore, as the Government has shown by a preponderance of the evidence that Robert Lino and Frank Lino are coconspirators, there are any number of reasons why this statement might be in "the furtherance" of the conspiracy. For example, a statement between coconspirators to maintain the cohesiveness of the conspiracy, or to inform each other of the current status of the conspiracy in order to further the ends of the conspiracy is "in furtherance" of the conspiracy. See United States v. Rahme, 813 F.2d 31, 36-37 (2d Cir. 1987); United States v. Persico, 832 F.2d 705, 716 (2d Cir. 1987). At this time, I do not find that this statement is inadmissible as it appears to be in the furtherance of the Bonanno OCF conspiracy.

Basile's assertion that the statement is inadmissible as multiple hearsay if the basis of Robert Lino's knowledge of Basile's alleged loansharking is the alleged loansharking victim, or some other unknown person, is also without merit. (Basile Mem. Supp. Mot. Exclude, at 5-6.) To constitute hearsay, there must be a "statement," defined as "an oral or written assertion"

5

or "nonverbal conduct" intended as an assertion. Fed. R. Evid. 801(a). Accordingly, to the extent that Frank Lino intends to testify to Robert Lino's statement to him, and not to a statement that Robert Lino heard from a different declarant, this does not constitute multiple hearsay. Assuming, *arguendo*, that the Government proffers a statement made by a third, unknown declarant, knowledge of the declarant's identity is not a requirement as long as the trial court can reach a determination that the declarant is a member of the conspiracy. Cruz, 910 F.2d at 1081 n.10; cf. Zaken v. Boerer, 964 F.2d 1319, 1323-24 (2d Cir. 1992) (distinguishing foundation for coconspirator statement, which does not require knowledge of declarant's identify, from agent statement under Fed. R. Civ. P. 801(d)(2)(D), which does). As the Government alleges that the loansharking victim is an associate of the conspiracy, this statement may be admissible as a coconspirator statement, or as a statement against penal interest. See Fed. R. Evid. 804(b)(3); United States v. Garris, 616 F.2d 626, 633 (2d Cir. 1980). Without further knowledge of the nature of the statement offered by the Government, I decline at this time Basile's invitation to find this statement inadmissible on this basis.

Next, admission of Frank Lino's testimony regarding statements made by Robert Lino while in prison with him would not violate Basile's Confrontation Clause rights because these statements are not "testimonial." I adhere to the ruling in my June 8, 2006 M&O that a coconspirator statement "made outside of the presence of law enforcement, without a reasonable expectation that the statement would be used in a future trial or government investigation . . . is not a 'testimonial' statement within the meaning of Crawford." Id. at 5 (citing Stewart, 433 F.3d at 291-93). Hence, admission of this statement does not implicate Defendant's Confrontation Clause rights.

I note that the Government responded to Basile's motion with a one page letter asserting that "[d]uring [Frank] Lino's testimony, the government will lay the proper foundation to establish that the statements to be elicited from Lino . . . fall squarely within the coconspirator exception to the hearsay rule." (Gov't Ltr., dated June 19, 2006.) Because the Government has not disclosed the exact nature of the hearsay statement(s), this court is unable determine the exact contours of its admissibility. This court's denial of Basile's motion *in limine* is therefore limited: I find that the statement is admissible on its face as a coconspirator statement that does not violate Basile's Confrontation Clause rights. However, this ruling is subject to change should the statement indeed prove inadmissible. See Luce, 469 U.S. at 41.

## II. CONCLUSION

Basile's motion in *limine* to preclude testimony by witness Frank Lino of Robert Lino's discussion of Defendant's alleged loansharking activity is DENIED.

SO ORDERED.

Dated: June 20, 2006　　　　　　　　　　　_____/s/_____
　　　　Brooklyn, N.Y.　　　　　　　　　　Nicholas G. Garaufis
　　　　　　　　　　　　　　　　　　　　　United States District Judge